Thank you, Your Honor. This case is about the Backpay Act, and specifically, the Backpay Act's three provisions. They require that, upon the correction of an adverse employment decision, the employee be given back pay, be given interest on that back pay, and be given attorney fees, three components of the statute. In these cases, the appellants were both given back pay, interest on their back pay, but they were denied their attorney fees. And the question before this Court is, what remedy do they have to seek that back pay component, being their attorney fees? I think that the place that we started, where we started our complaint, was the Supreme Court's decision in Fausto. Fausto is usually used against employees trying to come in and say, hey, there's a cause of action in the claims court, in the Court of Federal Claims. But in this case, Fausto is directly on point, because the Supreme Court said, now, after the passage of the Civil Service Reform Act, the Court of Claims, the Court of Federal Claims, is no longer an appropriate authority to correct an unwarranted or unjustified personnel action. However, the Court said, the agency is, or may be, an appropriate authority to make that correction. And if the agency makes that correction, a suit for back pay will lie. That's exactly where we are in this case. The agency corrected the adverse personnel action. Not the MSPB, not a court, no one else. The agency made the correction. And the Supreme Court's decision in Fausto says, therefore, you have a cause of action in the Court of Claims, the Court of Federal Claims. Well, doesn't your whole theory depend on the notion that the Back Pay Act attorney's fee remedy is broader than the 7701 remedy in that it doesn't incorporate a prevailing party requirement? Well, I guess, yes. It would require both of those things. Certainly, it's broader. There's no question that it's broader. Well, we've said, haven't we, in Gavette, for example, that there is a prevailing party requirement in the Back Pay Act attorney's fees provision? Yes. That was 20 years before Buckhannon. It was said at the time when the prevailing party standard that this court applied and the MSPB applied was the exact same standard that would be in effect with respect to the Back Pay Act. You can't read a prevailing party standard into the Back Pay Act. It doesn't make sense. What do you make, in that connection, what do you make of the provision of, oh gosh, 5596BA2, you know the provision, that incorporates, by reference, quote, the standards established under section 7701G? I guess to make that question more pointed, does that pick up the prevailing party aspect of 7701G or does it pick up something less than that? Two points I would make with respect to that, Chuck. First is, you left out what comes immediately before that, which is, in the case of a grievance. So the statute says, in the case of a grievance, we want you to apply the standard to 7701. Now this court has said, what we really mean, we really mean in all cases. In all cases, you have to incorporate 7701. But my point in making that distinction is, there's no statutory requirement that you apply 7701. In cases like these, where it's the agency that's correcting it, not on the basis of any grievance. But more directly, to respond to your question, Your Honor, it doesn't make sense to incorporate the prevailing party standard into the Back Pay Act, where it says, upon the correction of the erroneous personnel actions, it's been corrected. It's already been corrected. For purposes of the Back Pay Act, you've got it. And now it's A, B, and C. It would make no sense to apply yet another level, another hoop to jump through. Why would you do that? And the other response is, Your Honor, there are circumstances where you simply can't have a correction of the, I'm sorry, in Buckhannon, it talked about the judicial imprimatur. That's how we know you're a prevailing party, because we have the judicial imprimatur. Change in the legal status of the parties. There's a dozen instances enlisted in the OPM's regulations, where back pay can be granted, and there's absolutely no possibility that you could have that judicial imprimatur. How could it be? So you can't say that Buckhannon has to be read into the Back Pay Act. The Back Pay Act does not say prevailing party. 7701 does. But the Back Pay Act does not, and it doesn't make sense to read it into it. Clarify for me, going back to the point you were making earlier about this A2 subsection, that that's more narrowly circumscribed and limited to a subset of all actions. Where else in the back pay would you look for attorney's fees for a case like this, if not in that Well, 5596A little 2, right? Right. Well, I thought, OK. So whatever, are you saying that the provision that directs you to 7701G is limited to less than all of the circumstances under which fees are awarded under BA2? What I'm saying, Your Honor, and if I haven't said this clearly, I apologize. Maybe my question was not clear. You see what I'm talking about? What is incorporated, or what Congress intended to incorporate, was the interest of justice standard. That's what they're talking about. And it makes perfect sense, as this Court has said, and we have argued. Notwithstanding, it's not in the statute. Let me make sure that they were on the same page here. What you're saying is that A little 2 does apply, and 7701G does apply to, for example, this case, but not the prevailing party requirement of 7701G. Is that right? That's correct. OK. But you're not saying that 7701G, that clause that refers to the standards established under 7701G, does not apply to this case? This Court has said that it does. And you accept that? Yeah. I don't argue with that. I point out only that it's not in the statutory language. All right. I'm clear now. There's no statutory bar, I'm sorry, no statutory requirement that this Court apply the prevailing party standard. There's nothing in the statute that says you must do that. So the question is, what did Congress mean when it said, in the case of a grievance, you must apply the standards to 7701G? Way back when, prior to Buchanan, this Court said, well, that means you apply the prevailing party standard and you provide interest of justice. And I submit that that was at a time when there was no dispute about what prevailing party meant. Why would Congress want to have a broader attorney's fees provision in the Back Pay Act than in 7701G? Why would they want to dispense with the prevailing party requirement? Well, two reasons, Your Honor. First of all, let's forget that. One reason. It's a broader statute. It says, 7701 is focused only on the MSPB. 7701 deals with the Merit to Systems Protection Board. The Back Pay Act is a much broader statute. It applies to back pay in any sense, in any case. Yeah, but you've got all these attorney's fees provisions and a dozen different federal statutes, and so far as I can remember, there's always a prevailing party requirement. No. No? No. We've cited a case, Your Honor, for example, a DC Circuit case involving a statute employed by the EPA. And they specifically say, there's no prevailing party language in this statute, and accordingly, we will not apply back pay, because it doesn't make sense in the context of this case. And it doesn't in the- Which case is that? It's a DC Circuit case. I believe we cited it in the reply brief of Sierra Club, I believe, Your Honor. Sierra Club versus EPA is 322-Fed-3rd-718. And again, Your Honor, the point is that the prevailing party only, according to the Supreme Court, only applies where you have that ability to change the legal status of the parties. The back pay is, here are your three things that are part of back pay. You've already prevailed. You've proved that you've prevailed because you've gotten your back pay. Well, let me ask you about that. I mean, suppose you have a situation in which the agency, let's say, has removed someone, and you go in to talk to the agency, and you say, this is an injustice, and here's why. And the agency says, well, we're not sure you're right about that, but look, let's not have a huge, let's not make a federal case of it. We're going to put this person back. We're going to put them on a short leash of some sort, a last chance agreement or something like that. But we are not accepting your submission that this is unjustified, but we're going to put them back. That wouldn't fall within the back pay act, would it? Well, what you've talked about is a settlement agreement. Yeah. And that's different. Whenever you have a settlement agreement, you're free to craft the terms however you like. In other words, the main element that I was trying to incorporate in my example is an absence of an admission or determination by a body, whether it's the agency or some administrative entity within or outside of the agency, that there has been an improper, what's the language, unjustified or unwarranted personnel action, but simply a resolution, a determination to put the person back without a formal determination. Isn't that formal determination necessarily a part of the back pay act to trigger it? I think that the answer to that question is a little kind of backwards, but I don't think you can correct the personnel action unless you make the determination that it's erroneous or unjustified. I think we cited a GAO decision where an agency tried to do that. They said, well, we'll give you your back pay, and the GAO said, no, you can't do that. You can't give somebody back pay unless you make a determination that it's an unjustified or unwarranted personnel action. So that has been made in this case. In this case, with respect to both SACO and SACO, it's been made in this case. And they corrected the actions according to it. So the only question before this court is, well, where do they go to get what's promised to them in the statute? Why don't we hear from the government now? We'll give you your savior rebuttal. Mr. Zander. May it please the Court. A critical thing to keep in mind in this case. Is he right that the Sierra Club case refuses to apply Buchanan to this other statute? Your Honor, I don't want to comment on that case. To be quite frank with you, I'm not in a position to say yes or no. You're not familiar with the case? I'm not familiar with the case. Not familiar enough to comment on that. But I would put to the Court that the critical issue here is the exclusive jurisdiction over personnel matters that the Civil Service Reform Act invested in the MSPB and in this court as the reviewing court. And we can consider all the hypotheticals that we like, but we're looking at a set of facts here that, for purposes of Ms. SACO and Ms. Vesterby, they need to both of them from the MSPB, but they are not, in fact, prevailing parties in this case. The MSPB exercised jurisdiction over their attorney fee claims and rejected them on the merits. It's not a question of they maintain that there needs to be jurisdiction in the Court of Federal Claims to validate this right that they assert is promised them in the Back Pay Act. The MSPB exercised jurisdiction over these very claims, said you are not a prevailing party, we deny your attorney fee claims. The fact that the MSPB did that demonstrates that the MSPB had jurisdiction over these very claims. Well, it doesn't demonstrate it has jurisdiction if the Back Pay Act provides for the award of fees even without regard to the prevailing party staff. Well, that's a misstatement of the law. Well, that's the issue. We've been talking about it. Okay. Well, that is an incorrect statement of the law. Why? There is nothing in this Court's jurisprudence that gives any credence to that statement. In fact, the Court specifically rejected that statement in, for instance, the Sims case, where it discusses the legislative history to examine whether there's any difference between a claim for attorney's fees based on the Back Pay Act and a claim for attorney's fees based on the MSPB statute. And it specifically cites legislative history. I'm on page, this is 711 F. 2nd, 1578. This is Sims? This is Sims. Okay. On page 1580, there's a quote of the legislative history, and it says, the conference substitutes sections 7701G and 5596B1A2 authorizes attorney fees in cases where employees prevail on the merits and the deciding official determines the attorney's fees are warranted in the interest of justice. In other words, prevailing on the merits is a critical component of a consideration of a claim for attorney fees under the Back Pay Act. It doesn't matter what forum you bring that claim in, it doesn't matter how you got there. So there are cases from district courts where we have a scenario, exactly the scenario that Ms. Sack or Ms. Vesterby are trying to convince the Court is the way to consider this case, which is the agency took an adverse action against a federal employee, unilaterally rescinded that action without any judicial intervention. In other words, an adverse action was taken, there was a complaint filed with the agency by the employee through an attorney, a letter was written saying you've done something wrong, take it back. The agency has considered that and said, geez, we were wrong, we rescind the action. The employee has filed a request for attorney's fees by sending a letter saying this is what it cost me to pursue this action. The agency has denied the attorney's fees. The employee has then proceeded directly to district court as FAUSTO permits the employee to do. And the district court has said you must establish your prevailing party pursuant to 7701G before we can consider your attorney fees. And those cases that we would cite the in our reply brief before the Court of Federal Claims, they were not cited in our brief in this case because the issue had not been raised in the initial brief. Is Mr. Cato right that you, in a situation like that, the agency is not free as a matter of federal administrative, internal administrative procedure to award, make a back pay award upon making an informal determination that, whether you call it a settlement or simply withdrawing the adverse action, the agency determines to back off? No, we would not agree with that characterization. It certainly is splitting hairs to say you awarded attorney's fees, therefore there's been a formal determination or has been a formal determination. I don't know if it's necessarily. It may be important if the language of the back pay act applies to one but not the other. And the language that we've been discussing, the section we've been discussing, talks about a determination, I think. And it's not unusual for parties in legal disputes to specifically avoid and indeed disclaim making any kind of determination. I guess it's, well, is found by an appropriate authority to have been affected by an unjustified or unwarranted personnel action. I mean, if there's no finding as such. I think the more relevant provision is in the subsection A beneath that on correction of the personnel action. And so whether it's a formal finding or not, there's been a correction of the action. Well, but it's a correction which depends on the preamble to A, right? Everything that I understand the structure of the statute. That's probably true. And again, our point is if you look at these cases, and let me just give you these citations if I may. The first case is Maney versus HHS 637 F SUP 1128. That's from the DC District Court 1986. And the second case is Gilbert versus FDIC from the same court, citation 950 F SUP 1194. That's a 1997 case. And again, in these cases, there has been a determination. The agency has unilaterally rescinded an adverse personnel action. And the agency has not, upon filing of a complaint in federal district court for attorney's fees, has not raised this defense that you're suggesting. They're saying you're properly before the court in terms of the language of the Back Pay Act. But now you have to meet the requirements, which are incorporated from 7701G, which are prevailing party and interest of justice. And so that's where the defense to these action lies. And you think that the language in accordance with standards established under 7701G picks up the prevailing party requirement, even set aside the legislative history that you read? Absolutely. The court has so found. This issue has never come up because previously, before Buchanan, there was no question about prevailing party. In other words, these catalyst theory claims for attorney fees came before the MSPB all the time. And so there was no need to get into this end run around 7701G because you could go right to the MSPB exactly as Ms. Sacco and Ms. Vesterby did. And there was no question that under the catalyst theory, it was proper to say, okay, I filed with the MSPB. The agency has now unilaterally rescinded the action because they can read the writing on the wall. Now MSPB, please give me my attorney fees pursuant to 7701G. And the only defense then was, is it in the interest of justice? And so to say that now that Buchanan has become the law of the land and that in Ms. Sacco's own case, this court extended the holding of Buchanan to 7701G and specifically said, neither you nor anyone similarly situated will forevermore be considered to be a prevailing party. Therefore, you can't get attorney's fees. Well, that's a legislative problem. Are you suggesting that this issue is one of first impression for us? It is. There's no question that this exact scenario. I would have thought your position was that our prior cases had said that there is a prevailing party requirement in the Back Pay Act and that it may have been redefined by the Supreme Court, but that the prior cases are binding on that. Well, they do say that. And that is our position. What I'm saying is that this exact factual scenario, in other words, there's never been a case where exactly this happened, that someone, a plaintiff, was a prevailing party under the catalyst theory for attorney's fees, but was not after the catalyst theory was rescinded. In other words, that narrow issue is a case of first impression. And our position is that, yes, it's an easy question looking at all these previous cases that we cite. The Sims case, the Worthington case, the Reid case, there are several of them that are legally directly on point. There's a slight factual distinction in that the issue of prevailing party wasn't a showstopper because the catalyst theory got the employees past that hurdle. Now, there's an extra hurdle that they have to overcome. And so to say that you can simply ignore the prevailing party requirement, even though that was never the driving force in these previous decisions because prevailing party was assumed. But it's in there. The court has said it's in there. The MSPB has found, and this court has found, that Ms. Sacco was not a prevailing party. And so now she's between a rock and a hard place. The cases say very clearly that there's exclusive jurisdiction in the MSPB, and so the answer is she can't recover her attorney's fees. And that seems like a problem for her because she wants those fees. From our perspective, the law states this very clearly, and there's nothing she can do about it, absent a legislative change. And there is, as Ms. Sacco points out in her brief, there is a pending bill before Congress to remedy this situation. Unless and until that law passes, the situation is exactly as the Court of Federal Claims found it to be. What does the bill do? I can't comment specifically on the provisions of the bill. I'm simply— You don't know what it provides. I understand that it is a sweeping change that would return the prevailing part of the situation. It would overturn Buchanan, right, basically. I don't know if that's very precise, but the gist of it. I think it would overturn Sacco. It would overturn this Court's decision in Sacco, extending Buchanan to— It's just limited to these MSPB slash Back Pay Act type cases. I thought it was broad. Well, maybe they're different bills. I'm not so sure. Buchanan has certainly been a case of seismic impact, I think you would agree. It certainly has. And Ms. Sacco and Ms. Vesterby found themselves on the wrong side of it. In other words, again, in Ms. Sacco's case, she was awarded attorney's fees by the MSPB. Then, on the government's motion, the case was reopened by the full board, pursuant to Buchanan. So, their timing was poor. But the law is what the law is. The Court has specifically found in Sacco that she is not a prevailing party. Ms. Vesterby's attorney concedes that that holding applies to her case. And there simply is no jurisdiction at the Court of Federal Claims to consider these matters. Thank you. Mr. Cater? Thank you. I see he left a couple minutes. I'm sure he'll see me this time. This court in Cuthberson, I think was the name of the case, said it would be an injustice to allow agencies to rescind the action after all these fees were incurred, only to avoid having to pay the attorney fees. And this court said, and that's why we're adopting the catalyst theory. We cited the legislative history, we cited the MSPB decision in Hodnick, which said the same thing. So, for 20 years, this court said catalyst theory. Now, there were cases along the way in which this court said, and you need to show prevailing party and interest of justice under the Back Pay Act. But it never spent a moment talking about what does it mean to show prevailing party. And the reason we're two-fold. One, I think, was because the issue never arose. And the other was, I'm pretty sure that in every one of those cases, these were MSPB cases, where the MSPB was the appropriate authority that corrected the personnel action. So it doesn't matter. You're not suggesting that under the Back Pay Act, attorney's fees could be awarded to somebody who lost, are you? No. It can only be awarded as a component of back pay. Back pay includes three things. It includes the back pay. It includes the interest. And it includes attorney fees. We're entitled to those three things, Your Honor. This court in Knight, I forget exactly when it was, a few years back, considered an attorney fee case arising out of Alaska, district court in Alaska. And it didn't apply the prevailing party standard. It didn't award fees. It reversed, it affirmed the decision on the merits. But the case arose upon agency correction of an erroneous personnel action. And this court had absolutely no discussion whatsoever with the prevailing party. It didn't make sense. This court should not compound the injustice that was done by the Supreme Court's decision in Buckham, which was not an MSPB case, did not arise as such, should not compound that injustice by reading prevailing party into the Back Pay Act, where it was not stated, and where it makes no sense to apply it. If there are no further questions, I see that you did give them to me. All right. Thank you very much. Thank you very much. Case is submitted.